No. 20,956.

THE LEAVENWORTH CITY AND FORT LEAVENWORTH WATER COMPANY, *Appellee*, v. THE CITY OF LEAVENWORTH, *Appellant.*

### SYLLABUS BY THE COURT.

WATER COMPANY—*Rates Fixed by Public Utilities Commission Conclusive.* In an action against a city for the services of a utility which is under the control of the state public utilities commission, charges being made at the rate fixed by that body, no defense or partial defense is established by evidence that a lower rate had been agreed upon between the parties, and that the plaintiff had served other pesons at a lower rate and had in various ways violated city ordinances and rules of the utilities commission.

Appeal from Leavenworth district court; JAMES H. WEN-DORFF, judge. Opinion filed July 7, 1917. Affirmed.

*C. P. Rutherford*, city attorney, *Humphrey Biddle*, of Leavenworth, for the appellant.

*A. E. Dempsey*, of Leavenworth, for the appellee.

The opinion of the court was delivered by

MASON, J.: This is an appeal from a judgment rendered against the city of Leavenworth on account of water furnished to it by the Leavenworth City and Fort Leavenworth Water Company, which is under the control of the state public utilities commission. No controversy exists as to the quantity of water furnished, and the charge was made at a rate fixed by the utilities commission. The defendant complains because of the refusal of the court to permit it to introduce evidence to show these facts:

The plaintiff, during the period covered by the account sued upon, had sold water to the federal government, for use on the military reservation, at a less rate than that charged the city, and at a less rate than that fixed by the utilities commission.

An understanding and oral agreement had been entered into between the city commissioners and the plaintiff, for the charging of a less rate than that fixed by the utilities commission.

The plaintiff had violated its obligations to the defendant by ·refusing to sell water to persons except upon their compliance with unreasonable conditions, by refusing to make extensions required under rules of the utilities commission, and by refusing compliance with ordinances of the city.

We approve the ruling of the trial court in rejecting this evidence. So long as the rate fixed by the utilities commission remained unaltered by that body, it was not subject to change by agreement of the parties, and the water company was entitled to collect payment on that basis. Whatever remedies may have been open to the city for the company's misconduct, the refusal to make payment for the water it had used, at the legally established rate, was not among them.

The judgment is affirmed.